# Street *against* Sprout.

A purchaser of an equity of redemption, at a sheriff's sale, upon a judgment and execution against the mortgagor, is not entitled to recover the possession of the land by ejectment, if before the trial of the cause the equity of redemption be divested by a sale upon the mortgage. In such case the plaintiff is entitled to recover costs.

ERROR to *Susquehanna* county.

Ejectment. Ebenezer Sprout against John Street. The plaintiff gave in evidence a judgment of Sprout against Street entered September 7th, 1833, upon which a *fieri facias* issued, which was levied upon the land in dispute; *venditioni exponas* and sale of the land to the plaintiff, and sheriff's deed of the 3d of February 1834. The writ of ejectment issued on the 20th of March 1834, and was served upon the defendant, then and at the trial in possession of the land.

The defendant then offered to the plaintiff a judgment for the costs and damages; and William Jessup, as counsel for Robert H. Rose, objected to the plaintiff's recovering possession, and offered the following evidence, to wit:

That the said John Street, on the 20th of December 1813, purchased the said lands of him the said Robert H. Rose—took his deed of that date for the same, and went into possession: that on the 20th day of December 1813, the said John Street executed his bond and mortgage to the said Robert H. Wise, to secure the purchase money; which said deed and mortgage were duly recorded: that on the 26th of July 1817, the said mortgage being unpaid, the said John Street released to the said Robert H. Rose, the equity of redemption under the said mortgage, which release was also duly recorded:

That on the 21st of December 1827, the said Robert H. Rose

[Street v. Sprout.]

again conveyed the said premises to the said John Street; and at the same time took his bond and mortgage for the purchase money, amounting to　　dollars, which deed and mortgage were duly recorded: that on the 7th day of October 1834, at No. 90, December term 1834, the said Robert H. Rose issued a *scire facias* on the said mortgage in the common pleas of said county, against the said John Street and terre-tenants, which was duly served on the said John Street, and upon which the judgment was duly rendered on the 7th day of February 1835, for 2760 dollars 39 cents, the amount due on said mortgage: that on the 23d day of February 1835, a *levari facias* was issued on the said judgment, and the premises sold on the 14th day of March 1835, to the said Robert H. Rose: that the sheriff of said county, by his deed dated the 1st of May 1835, conveyed the said premises to the said Robert H. Rose, which said deed was duly acknowledged on the 7th of September 1835, and recorded.

To all which evidence the counsel for the plaintiff objected, and the court sustained the objection and rejected the evidence.

The rejection of this evidence was the only error assigned.

*Jessup*, for plaintiff in error, cited Young *v.* Algeo, 3 *Watts* 226; Rugan *v.* Phillips, 4 *Yeates* 382.

*Dimmock*, contra, cited 2 *Yeates* 443; 3 *Caines* 188; Arnold *v.* Gorr, 1 *Rawle* 223-5; Stahle *v.* Spohn, 8 *Serg. & Rawle* 317; Eisenhart *v.* Slaymaker, 14 *Serg. & Rawle* 157; Jackson *v.* Bush, 10 *Johns.* 223.

The opinion of the court was delivered by

HUSTON, J.—The plaintiff in ejectment, as in every other action, must recover by showing right in himself. If the defendant can show a valid subsisting right in a third person to the premises sued for, the plaintiff cannot recover. This is a general rule; but if land in possession of a person be sold as the property of that person, and the purchaser brings ejectment, that person cannot set up title in a third person; this is also a general rule, because the purchaser has a right to all that the defendant whose land was sold had right to—that is, to the fee—or any less estate down to bare possession, according as the right of the debtor was whose title was sold.

The debtor may have a right for the life of another person or a lease for years, and on the death of that person, or expiration of the term for years, the right of the debtor is gone. The purchaser at sheriff's sale gets all the right of the debtor, but gets no more, and, in the case put, his estate and right become extinct and gone on the death of the *cestui que vie,* or expiration of the term.

A mortgagor has the fee against all persons but the mortgagee, but the mortgagee may enter and take the possession into his own hands until his debt is paid by the receipt of the rents, or payment

V.—2 K

[Street v. Sprout.]

of the money; the mortgagor, as to him, is only tenant at will; on him the mortgagee may, as I have said, enter, at any time after any of the money is due, or bring ejectment, or sue out a *scire facias* and sell the property; and on a sale under a mortgage the purchaser becomes the owner in fee, clear of all judgments and every incumbrance, except a balance may be due for purchase money, to the state, or a prior mortgage, by a late act of assembly.

Dr Rose's mortgage was the prior lien in this case, and Sprout, when he purchased at sheriff's sale, got only the right of Street; that is, a right which would become a fee on payment of the amount due on the mortgage, but until that was done, he stood exactly in the shoes of Street; as against Dr Rose he had only an estate at will, and at will strictly, according to the legal definition of such estate. Rose could enter on him, or bring ejectment, without notice to quit, as would be necessary against a tenant at will, from year to year, or the mortgagee may determine the estate of the mortgagor, finally and conclusively, by a sale of the premises under a suit and sale on the mortgage.

The sale on the mortgage by Dr Rose determined the estate at will of Street and the equity of redemption also, and vested the full and complete title to the fee simple and to the possession, in the purchaser at the sale on the mortgage; in this case, Dr Rose, the mortgagee, was the purchaser, and has the right to the fee and to the possession.

Sprout, after his purchase, had the right to redeem and pay off the mortgage, and he had the right to go into possession as tenant at will to Dr Rose; on him Dr Rose could have entered or brought ejectment, and when Dr Rose determined the estate at will, his right of possession was gone. Dr Rose has determined it, and Sprout has now neither the right to the land nor to the possession, and cannot recover the possession in this suit; he must fail, because his right to the land and to the possession of the land are extinguished; but he had a right, subject to the mortgage, when he commenced his suit. Street held him out wrongfully, and the plaintiff below had a right to the costs of suit, but cannot recover possession, for he has now no right to the possession or to the land.

Judgment reversed, and *a venire facias de novo* awarded.